**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**JASON R. BARTON**
New Castle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LARRY D. ALLEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| JASON R. BARTON, )<br>)<br>Appellant-Defendant, )<br>)<br>vs. )<br>)<br>STATE OF INDIANA, )<br>)<br>Appellee-Plaintiff. ) | No. 02A05-1307-CR-355 |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable John F. Surbeck, Jr., Judge
Cause No. 02D06-1303-PC-57

**April 15, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Jason R. Barton (Barton), appeals the trial court's denial of his motion for immediate discharge from unlawful and illegal imprisonment.

We affirm.

## ISSUE

Barton raises one issue on appeal, which we restate as: Whether the trial court abused its discretion when it denied his motion.

## FACTS AND PROCEDURAL HISTORY

On January 7, 2008, the State filed an Information charging Barton with rape, a Class B felony, and domestic battery, a Class A misdemeanor. On November 19, 2008, a jury trial was conducted and Barton was found guilty as charged. On December 15, 2008, the trial court sentenced him to an aggregate sentence of fifteen years. Barton appealed, challenging the sufficiency of the evidence. On August 20, 2009, we affirmed Barton's conviction. *See Barton v. State*, No. 02A05-0901-CR-7 (Ind. Ct. App., Aug. 20, 2009).

On March 14, 2013, Barton filed a motion for post-conviction relief, which he subsequently withdrew on September 9, 2013. The following month, on April 22, 2013, Barton filed a motion to compel transcripts and records, which the trial court denied on May 14, 2013 without a hearing. On June 10, 2013, Barton filed a motion for immediate discharge from illegal and unlawful imprisonment. On June 24, 2013, the State responded to Barton's motion. Three days later, the trial court denied Barton's motion.

2

Barton now appeals. Additional facts will be provided as necessary.

<u>DISCUSSION AND DECISION</u>

Barton contends that the trial court abused its discretion by denying his motion for immediate discharge. In his appellate brief, Barton appears to argue[1] for his immediate discharge on the basis that the trial court refused to release "the transcripts of the critical stages of the proceedings" to aid him in preparing his motion for post-conviction relief. (Appellant's Br. p. 3). Barton asserts that these transcripts would establish that his conviction should be vacated because (1) the probable cause affidavit, the charging information, and a prior CCS "are incomplete" and defective; and (2) he was not represented by an attorney at the probable cause hearing, the filing of the charging information, and the initial plea hearing. (Appellant's Br. p. 4).

Although Barton fails to specify the exact transcripts he is seeking, the trial court's order indicates that Barton requested a transcript of the probable cause hearing. In this regard, the trial court noted:

> The "hearing" referred to by [Barton] and found in the [c]ourt's finding of probable cause was in fact an ex parte review of the Affidavit of Probable Cause. No evidence was taken or considered beyond that contained within the document entitled Affidavit of Probable Cause. No independent recording or record was made for the reason that there was nothing to make of record beyond the written document entitled Affidavit of Probable Cause.

(Appellant's App. p. 17).

---

[1] Barton did not include his motion for immediate discharge from illegal and unlawful imprisonment in the Appendix. We therefore attempt to piece together its contents based on the State's response to Barton's motion, the trial court's denial of Barton's motion, and Barton's appellate brief.

We agree with the State that Barton's confusion with respect to a transcript arises from the two different methods for the presentation of a probable cause affidavit. Indiana Code section 35-33-5-2 allows the filing of an affidavit, containing reliable information about the person to be arrested, the offense committed, and the facts constituting probable cause, with the trial court. In this instance, no hearing is required because the affiant verifies and signs the document filed before the court in an ex-parte proceeding. Alternatively, Indiana Code section 35-33-7-2 provides that a trial court may issue an arrest warrant based on sworn testimony collected in a non-adversarial, recorded hearing. The recorded hearing may be transcribed at the request of any party. Ind. Code § 35-33-7-2.

Here, a sworn affidavit was filed with the trial court and no recorded hearing took place. *See* I.C. § 35-33-5-2. Therefore, as no transcript exists of the probable cause affidavit and charging information, we affirm the trial court's order denying Barton's motion for immediate release.

## CONCLUSION

Based on the foregoing, we conclude that the trial court did not abuse its discretion by denying Barton's motion for immediate discharge from illegal and unlawful imprisonment.

Affirmed.

VAIDIK, C. J. and MAY, J. concur

4